OPINION
Appellant Keith M. George appeals a judgment of the Ashland Municipal Court convicting him of disorderly conduct in violation of Ashland Ord. 509.03 (a) (1):
 ASSIGNMENT OF ERROR
THE JUDGMENT OF THE TRIAL COURT IN FINDING THE DEFENDANT-APPELLANT GUILTY OF DISORDERLY CONDUCT IN VIOLATION OF SECTION 509.03 OF THE CODIFIED ORDINANCES OF THE CITY OF ASHLAND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues that the judgment finding him guilty, after bench trial, of disorderly conduct for fighting is against the manifest weight of the evidence, as he was defending himself. In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the trier of fact clearly lost its way. State v. Thompkins (1997),78 Ohio St.3d 380, 387. The discretionary power to grant a new trial should be exercised only in the exceptional case when the evidence weighs heavily against conviction. Id. Appellant was convicted of disorderly conduct: (a) No person shall recklessly cause inconvenience, annoyance or alarm to another doing any of the following: (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
Rodney Russell testified that on the evening of September 29, 1998, he and appellant were held in separate cells at the Ashland County Jail. They began trash-talking to each other throughout the night, and eventually decided to fight the next morning when they were moved into a common area. The next morning, when appellant and Russell were let into the day room by the police officers, they began circling each other. Appellant asked Russell if he still wanted to fight. Russell admitted that he threw the first punch, hitting appellant in the mouth. Appellant then grabbed Russell's hair, and began punching him in the side. Officers almost immediately broke up the fight. Appellant testified that he did not intend to fight that morning, had cooled off over night, and merely was protecting himself after Russell threw the first punch. However, he admitted to asking Russell if he still wanted to fight. From the evidence admitted at trial, the court could conclude that appellant and Russell mutually agreed to fight, and that when led into the common area, appellant still intended to fight Russell. The judgment is not against the manifest weight of the evidence. The assignment of error is overruled.
The judgment of the Ashland Municipal Court is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur